

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOHN M. STEVENSON
JOHN M. STEVENSON d/b/a
  HACA TENANTS' RIGHTS ASSN.

    PLAINTIFF

V.                                      CASE No. A09CA 083SS

HOUSING AUTHORITY of the CITY
of AUSTIN [HACA]; Ms. SYLVIA
BLANCO, Individually and as an
officer of HACA; Ms. DEBBIE DEL
RIO, Individually and as an officer of
HACA; ANIMAL CONTROL of the
CITY of AUSTIN; Ms. DOSSON,
Individually and as an officer of the
Animal Control of the City of Austin;
Mr. Richard L. Lopez, Individually

    DEFENDANT

### PLAINTIFF'S ORIGINAL PETITION

1.    COMES NOW John M. Stevenson, Individually and John M. Stevenson d/b/a HACA Tenants' Rights Association as **Plaintiff** herein [sometimes herein referred to as "Plaintiff" and/or "JMS"], and files this his Original Petition.

2.    This is an action to obtain compensation for damages—and to stop Defendant from continuing to conspire to pursue and actually pursuing illegal, unlawful activities—pursuant to the Causes of Actions set forth herein against **Defendant** The HOUSING AUTHORITY of the

CITY of AUSTIN [HACA]; Ms. SYLVIA BLANCO, Individually and as an officer of HACA; Ms. DEBBIE DEL RIO, Individually and as an officer of HACA; ANIMAL CONTROL of the CITY of AUSTIN; Ms. DOSSON, Individually and as an officer of the Animal Control of the City of Austin; Mr. Richard L. Lopez, Individually [Defendant collectively is sometimes herein referred to as "HACA"; "HACA, et al"; "Defendant"].

3.  In support thereof, Plaintiff would respectfully show this Court as follows:

## PARTIES

1.  Plaintiff [JMS] is a resident of Austin, Travis County, Texas.

2.  Defendant the Housing Authority of the City of Austin is a public agency whose business is to provide housing opportunities for families and individuals of lower income pursuant to a federal housing program offered by the U.S. Department of Housing and Urban Development [HUD]. HACA can be served at P.O. Box 6159; 1124 South IH 35; Austin, Texas 78762-6159.

3.  Defendant Ms. Sylvia Blanco is an individual who is a resident of Texas and can be served at P.O. Box 6159; 1124 South IH 35; Austin, Texas 78762-6159.

4.  Defendant Ms. Debbie Del Rio is an individual who is a resident of Texas and can be served at 1941 Gaston Place; Austin, Texas 78723.

5.  Defendant the Animal Control of the City of Austin is an agency of the City of Austin, Texas and can be served at 1156 West Cesar Chavez Street; Austin, Texas 78703.

6.  Defendant Ms. Dosson is an individual who is a resident of Texas and can be served at 1156 West Cesar Chavez Street; Austin, Texas 78703.

7.  Defendant Richard L. Lopez is an individual who is a resident of Texas and can be served at U.S. Department of Housing and Urban Development; One Alamo Center; 106 South St. Mary's Street, Suite 405; San Antonio, Texas 78205-3601.

## BACKGROUND FACTS

1.      Plaintiff [JMS] is a resident of the Gaston Place Apartments a complex owned and operated by the Housing Authority of the City of Austin [HACA]. Plaintiff became a resident of Gaston Place in October of 2005. Plaintiff is considered to be officially disabled due to his mental affliction of severe clinical depression and is to comply with a medical treatment program as prescribed by his medical doctor [MD].

2.      When Plaintiff first moved into the Gaston Apartments, he notified HACA—in particular Ms. Blanco and Ms. Del Rio—through both written correspondence and personal contact that he was under the care of a medical doctor, and it was necessary for Plaintiff to comply with a prescribed medical treatment program. Plaintiff made it clear that, as part of his medical treatment program, he was required to take various supplements; medications that were prescribed by his MD. These medications; supplements were not available through a pharmacy and had to be obtained directly from the manufacturer; as a result thereof, Plaintiff had to pay for these medications; supplements out-of-pocket. Therefore, the cost of these items would need to be deducted when his income was determined for purposes of establishing his monthly rental amount. HACA said this arrangement would be acceptable and voiced no conditions other than verifying the cost of these items.

3.      Subsequently, Plaintiff made it clear to HACA that his MD had prescribed that Plaintiff was to possess and enjoy a therapy dog as part of Plaintiff's medical treatment program. Plaintiff obtained a dachshund that was in compliance with the terms and conditions of his rental lease and pet lease. As is shown in more detail below, HACA refused to allow Plaintiff, and others who had also been prescribed dogs as part of their medical treatment programs, to comply with his MD's prescribed directions as to Plaintiff's having and enjoying a dog for therapy purposes.

4.   The Housing Authority of the City of Austin is a federally subsidized public agency pursuant to the federal housing program that is to provide safe, affordable housing opportunities for individuals and families of lower income. The operation and management of HACA is supposed to be done in accordance their agreement with the U.S. Department of Housing and Urban Welfare [HUD]. Pursuant to the terms and conditions of said contract HACA is to comply with various rules, requirements and guidelines as set forth by HUD. At the present time, HACA's creation and pursuit of an unlawful scheme to maliciously deny Plaintiff [and others] his rights to comply with his medical treatment program as prescribed by his medical doctor [MD] puts them in intentional violation of the terms and conditions of their contract with HUD and their contract with Plaintiff.

5.   Evidently HACA is pursuing this scheme against Plaintiff [and others] in order to establish a wrongful precedent that would enable them to continue to misrepresent the facts as to the status of various HACA complexes to HUD. By so doing, HACA evidently intends to unjustly benefit financially and otherwise at the expense of HUD. In the instance that is the subject of this lawsuit, HACA in furtherance of their illegal scheme is knowingly, intentionally denying JMS his constitutional and statutorial rights to comply with his M.D. prescribed medical treatment program. As an integral part of said scheme, HACA is wrongfully questioning the validity of the prescribed treatment directed by JMS's medical doctor; and without JMS's doctors so requesting or authorizing, is wrongfully attempting to police JMS's compliance with said prescribed medical treatment.

6.   Pursuant to Plaintiff's residential lease with HACA, the monthly rental amount is to be renegotiated in approximately October-November of each subsequent year. In the October-November 2008 renegotiations of the monthly rental amount, HACA knowingly, intentionally

applied a wrongful "Catch 22" method of calculation that made it impossible for JMS to comply with the medical treatment program prescribed by his MD. JMS protested this method of calculation. In order to avoid his becoming in arrears on his monthly rental payments, JMS offered on repeated occasions to pay the rent due pursuant to his correct calculations while this conflict as to rectifying HACA's knowingly incorrect calculation was resolved. On all occasions, HACA refused to accept said correct rental amount. In a further attempt to avoid his becoming in arrears as to paying his monthly rental amounts, JMS notified HACA that he had made arrangements with a personal friend to borrow the necessary funds to comply with HACA's wrongful "Catch 22" method of calculation. JMS, however, made it clear that this arrangement was not to be interpreted as his acceptance of HACA's wrongful "Catch 22" method of calculation. JMS made it further clear that he would continue to pursue his due process rights to protest said "Catch 22" requirement. HACA refused to even remotely consider this borrow-from-a-friend payment arrangement. At this point it became clear that HACA had formulated and was maliciously pursuing an unlawful scheme to deny Plaintiff [and other HACA tenants] his constitutional, statutory rights and to establish a precedent that would enable them to continue to defraud HUD.

7.  As part of their malicious unlawful scheme against JMS, HACA, rather than accept either of JMS's viable proposals and allow JMS to pursue his due process rights, chose to refuse to consider either payment arrangement and maliciously file an unwarranted eviction action [forcible entry and **detainer**] against JMS in the Justice of the Peace Court; Travis County, Texas; Precinct 1. This was maliciously done even though HACA knew that the J.P. Court did not have jurisdiction in this matter. In the resulting negotiations as to this wrongful filing by HACA it became clear that HACA, as part of their malicious scheme, was using the wrongful

- 5 -

filing of eviction actions to intimidate, overwhelm JMS [and other HACA tenants] into accepting their "Catch 22" and other methods HACA used to wrongfully re-calculate a tenant's monthly rental amount. It is clear that HACA maliciously proceeded with the eviction action without having a lawful termination—for which HUD requires that there be a "significant reason"—of JMS's lease. HACA chose to knowingly, intentionally proceed with frivolous, malicious civil litigation in order to intimidate; cause distress to; aggravate Plaintiff [and others] into accepting HACA's scheme of wrongfully calculating JMS's monthly rental amount.

8. When Plaintiff subsequently requested HUD's assistance to rectify, an officer of HUD and his secretary condoned HACA's wrongful behavior. After reviewing HUD rules, regulations and requirements, it appears that said officer of HUD, Mr. Richard L. Lopez, and his secretary may have acted above and beyond the duties and authority granted them by HUD. Therefore, they are clearly participants individually in HACA's malicious scheme to unlawfully deny JMS [and other HACA tenants] his rights and to intentionally defraud HUD.

9. On February 18, 2008, JMS's Medical Doctor specifically prescribed that as adjunctive treatment JMS is to have [possess and enjoy] a therapy dog. Therefore, JMS obtained a dachshund in order to comply with his MD's orders. From the very outset, HACA has on an ongoing basis knowingly; intentionally; consciously taken repeated wrongful malicious actions to prevent JMS—and others who have been prescribed to have a therapy and/or seizure dog— from properly enjoying his therapy dog and, therefore, complying with his MD's prescribed medical treatment program. HACA's doing so is clearly an integral part of their ongoing unlawful scheme to establish a precedent by denying Plaintiff [and other HACA tenants] his constitutional rights and to utilize said precedent to intentionally defraud HUD.

10. As a further part of their ongoing attempt to intimidate, harass Plaintiff into accepting their wrongful rent calculations and their denying him his rights to comply with his MD prescribed medical treatment program, HACA directly and/or indirectly got the Travis County Sheriff's Department to give Plaintiff a ticket for not properly restraining his therapy dog. On Sunday afternoon 8-16-08 in the inner patio of the Gaston Apartments, Deputy T. Murray [#1266] gave Plaintiff such a ticket [#L 417851] while Plaintiff was attempting to enjoy his therapy dog. Deputy Murray was extremely rude and obnoxious to both Plaintiff and other tenants who were there enjoying their therapy dogs. He was so obnoxious and rude that Plaintiff's dog, with no urging from Plaintiff, went back to Plaintiff's apartment and got on his spot on the bed. This ticket was later dismissed as being without merit; however, it was made clear that this ticket would be of record in Plaintiff's file and would be considered should a future incident which involved Plaintiff occur.

11. As a further part of their ongoing attempt to intimidate, harass Plaintiff into accepting their unlawful, wrongful rent calculations and their denying him his rights to comply with his MD prescribed medical treatment program, HACA, directly and/or indirectly, wrongfully reported Plaintiff to the Austin Police Department for ". . . threatening to kill the manager, Ms Debbie Del Rio . . ." As Plaintiff explained to Officer Turner # 3980, this report was totally untrue, absurd. Officer Turner accepted this explanation; however, he did make clear to Plaintiff that this report, though totally wrongful and without any merit whatsoever, would now be shown in JMS's APD file and would be considered should some future occurrence take place that involved Plaintiff

12. It has been determined that HACA encouraged other Gaston tenants and, in particular, Gaston tenants who were dealing illegal drugs to non-residents who came to the complex and to

- 7 -

complain about Plaintiff to the Austin Police Department; the Sheriff's Department; the Residence Council about the manner in which Plaintiff [and others] chose to enjoy his therapy dog [as prescribed]—even though said manner was not incorrect. Evidently in exchange for these complaints and the financial benefits received by HACA from said drug dealers, HACA ignored and allowed the drug dealing activities to non-resident individuals to continue unabated.

13.     During the week of January 19, 2008 as part of their ongoing unlawful scheme, HACA wrongfully enlisted the City of Austin Animal Control [herein sometimes referred to as Animal Control] to assist them in HACA's unlawful scheme to wrongfully deny Plaintiff his rights to comply with his medical treatment program. In order to do so, Animal Control chose to knowingly, intentionally, consciously misinterpret Ordinances of the City of Austin. By so doing, Animal Control, and particular Animal Control officers individually, chose to join and become a knowing; intentional; conscious participant in HACA, et al's scheme to deny JMS his constitutional rights.

## CAUSES OF ACTION AGAINST DEFENDANT

1.     Plaintiff re-urges the preceding paragraphs as if again fully set forth in the following Cause of Action statements.

**CAUSES of ACTION RESULTING FROM WRONGFUL ADMINISTRATION &/or MANAGEMENT:**
   **Discrimination; Selective Enforcement of Rules; Disparate Impact**

2.     Defendant intentionally schemed to discriminate and actually discriminated against Plaintiff and other HACA tenants who are considered to be disabled due to a mental affliction(s). Defendant intentionally created an environment at the Gaston Apartments [and other HACA complexes] that was intentionally hostile toward Plaintiff and other mentally disabled tenants. Specifically, Defendant knowingly, intentionally did not allow Plaintiff and other mentally

- 8 -

disabled HACA tenants to comply with their medical treatment program as prescribed by their medical doctors.

3. Defendant's actions have caused, and are continuing to cause, Plaintiff severe and irreparable emotional, physical, financial, mental, social damages.

**CAUSES of ACTION RESULTING FROM HEALTHCARE ISSUES:**
   **Tortious Interference with Plaintiff's Doctor-Patient Relationship; Denial of Plaintiff's Right to Receive Proper Healthcare**

4. In order to damage Plaintiff's doctor-patient relationship, Defendant HACA has repeatedly questioned the validity of the prescription(s) written by Plaintiff's MD. Even though they have no authorization from Plaintiff to obtain his medical records, Defendant HACA has, with the clear intent of damaging Plaintiff's doctor-patient relationship, repeatedly called the office of Plaintiff's MD and represented that they in fact have authorization to obtain Plaintiff's medical records and have made negative representations as to Plaintiff.

5. Defendant has refused to properly calculate Plaintiff's monthly rental amount in a manner that allows Plaintiff to comply with his MD's prescription to take various essential supplements. In addition, Defendant has maliciously created a hostile environment at the Gaston Apartments that does not allow Plaintiff to enjoy his prescribed therapy dog.

6. Defendant's actions have caused, and are continuing to cause, Plaintiff severe and irreparable physical, emotional, mental, financial, social damages.

**CAUSES of ACTION PERTAINING to HOSTILE ENVIRONMENT:**
   **Intentional Infliction of Emotional Distress; Denial of Tenant's Right to Peaceful Enjoyment; Denial of Tenant's Right to Feel and Be Safe and Secure; Harassment in Violation of Texas Property Code (92.04)**

7. Defendant constantly harasses Plaintiff and knowingly, intentionally causes other Gaston tenants to have and maintain a hostile attitude toward Plaintiff. This hostile attitude has actually resulted in physical and verbal confrontations by other tenants toward Plaintiff.

- 9 -

8. Defendant knowingly, intentionally, consciously allows various tenants to deal in illegal drugs. These dealers sell illegal drugs to individuals who are not Gaston tenants. Their drug dealing represents a threat to the wellbeing and security of Plaintiff.

9. Defendant has knowingly, intentionally and on a repeated basis wrongfully utilized law enforcement agencies and the legal system in an attempt to intimidate; abuse; frighten Plaintiff.

10. Defendant's actions have caused, and are continuing to cause, Plaintiff severe and irreparable mental, financial, emotional, physical, social damages.

**CAUSES of ACTION PERTAINING to the KNOWINGLY WRONGFUL USE of CIVIL and/or CRIMINAL LITIGATION:**
**Malicious Criminal Prosecution; Malicious Civil Prosecution; Frivolous Litigation; Premature Filing of Eviction Action; Attempted Retaliatory and/or Wrongful Eviction; Violation of Plaintiff's Rights to Due Process as Protected by the 14th Amendment of the US Constitution**

11. Defendant knowingly, wrongfully, intentionally caused, directly and/or indirectly, a Deputy Sheriff to give a criminal citation to Plaintiff for allegedly not restraining his therapy dog while Plaintiff was attempting to enjoy said dog. When Plaintiff requested a trial to contest said wrongful prosecution, the ticket was dismissed for not being of merit. However, said ticket will be entered into Plaintiff's file and will be considered in any future occurrences in which Plaintiff may be involved.

12. Defendant knowingly, intentionally filed and/or caused to be filed, directly and/or indirectly, a totally fabricated complaint with the Austin Police Department that claimed that Plaintiff had threatened to kill Ms. Debbie Del Rio, manager of the Gaston Apartments. The investigating officer confirmed to Plaintiff that said complaint would go into his APD file as a terrorist threat complaint and would be considered when Plaintiff's file was reviewed for any future reasons.

13.     Animal Control of the City of Austin by and through Officer Dosson [# 8987] did knowingly, intentionally misinterpret and misapply City of Austin ordinances and did give Plaintiff three (3) totally without merit criminal citations for Dog Running at Large and Unvaccinated Dog or Cat. Said citation and the behavior of Officer Dosson and her assistant made it absolutely clear that they had voluntarily, intentionally joined HACA's malicious scheme to knowingly, intentionally damage Plaintiff.

14.     HACA, et al prematurely filed an eviction lawsuit with the Justice of the Peace against Plaintiff without allowing him to properly pursue his due process rights. HACA intentionally did not exhaust all administrative remedies to which they were contractually obligated with both Plaintiff and HUD prior to filing said eviction lawsuit.

15.     Defendant's actions have caused, and are continuing to cause, Plaintiff severe and irreparable physical, emotional, mental, financial, social damages.

**CAUSES of ACTION of a RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS NATURE:**
**Negligence and Gross Negligence; Breach of Contract; Violation of Plaintiff's Rights pursuant to the Americans With Disabilities Act; Violation of Plaintiff's Rights pursuant to the Fair Housing Act, the US Housing Act of 1937, 42 USC Sec 3604 and various HUD rules, regulations and guidelines; Violation of the Federal Racketeer Influenced and Corrupt Organizations Act**

15.     Defendant had and has on an ongoing basis a legal duty and contractual obligation to provide Plaintiff with a safe and secure residential environment in which Plaintiff can exercise his rights to peaceful enjoyment. Particularly due to their knowingly, intentionally allowing the dealing of illegal drugs to occur and continue to occur at the Gaston Apartments, Defendant made no attempt to comply with this duty. This dealing in illegal drugs is but one example of Defendant's formulation of and participation in an unlawful scheme to obtain wrongful financial and other benefits to HACA, et al.

16.	Defendant has formulated, effectuated and is pursuing a scheme to defraud the federal government [HUD in particular] and benefit financially and otherwise from said ongoing, ever increasing scheme to effectuate and pursue illegal activities.

17.	An officer of HUD, Mr. Richard L. Lopez and his secretary, Ms. Sola Nethery, were on repeated occasions made aware of HACA, et al's improper behavior toward Plaintiff; of HACA's improper management and administration of the Gaston [and other] Apartment Complex; and of HACA's defrauding of HUD. Mr. Lopez directly and through Ms. Nethery chose to act individually and personally beyond the rules, regulations and requirements of HUD; refused to make any attempt whatsoever to rectify HACA's improper behavior; chose to knowingly, intentionally participate personally in Defendant's illegal fraudulent scheme.

18.	Defendant's actions have caused, and are continuing to cause, Plaintiff severe and irreparable physical, emotional, mental, financial, social damages.

## **CONDITIONS PRECEDENT**

All conditions precedent required for all causes of action have been performed or have occurred.

## **JURY DEMAND**

Plaintiff demands a jury trial and herewith tenders the appropriate fee.

## **DAMAGES**

1.	In conducting themselves in the manner herein set forth, Defendant HACA, et al have consciously acted in a manner to knowingly, intentionally, maliciously cause Plaintiff to suffer severe and irreparable damages. Without question, the unlawful conduct by Defendant HACA, et al constitutes deliberate indifference and the reckless disregard for the severe emotional, physical and mental injuries that they knew and intended would be caused to Plaintiff JMS.

2.      The herein described conduct of Defendant that has caused Plaintiff severe emotional, mental, physical, social distress and pain was and is so outrageous in character and was and is so extreme in degree as to go beyond all possible bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized community.

3.      As a direct and proximate result of the herein set forth conduct of Defendant HACA, et al, Plaintiff has suffered, and is continuing to suffer, severe emotional, mental and physical pain. One of the damages caused Plaintiff is that the mental, emotional, physical distress has manifested itself in the form of extremely severe neck and back pain. This pain is so severe that it immobilizes Plaintiff. The excruciating nature of the pain is so severe that it will not decrease when pain medication is taken.

4.      Another incident of the specific damages caused Plaintiff is that, since he can not properly pursue his medical treatment program, the symptoms of his disabling mental affliction of severe clinical depression are reappearing and are becoming more intense.

5.      Yet another incident of the specific damages caused Plaintiff is that, since Defendant HACA, et al denied Plaintiff the proper facilities and opportunity to properly exercise and care for his prescribed therapy dog, said dog became extremely ill [pancreatitis] and required extensive veterinary treatment. This incident has caused and is still causing Plaintiff severe emotional, mental, physical and financial damages. The possibility has not been ruled out that Defendant HACA, directly and/or indirectly, may have knowingly, intentionally poisoned said dog.

6.      Since Defendant has chosen to deny Plaintiff his rights to pursue his prescribed medical treatment program, Plaintiff has experienced on a continuing to worsen basis dizziness, wooziness, light-headedness. This particularly occurs when he stands up from a sitting, reclining

position. This has been diagnosed as a blood pressure affliction that is apparently occurring as a result of Plaintiff not receiving the supplements which are an integral part of his prescribed medical treatment program.

7. While these incidents of the specific damages caused by Defendant HACA, et al are extremely severe, they are by no means all of the intentionally damaging incidents. They do, however, make it absolutely clear that Plaintiff should be properly awarded compensatory damages [including existing and future pecuniary losses; emotional, mental and physical pain; inconvenience; mental anguish and anxiety; and loss of proper enjoyment of life].

8. Defendant HACA, et al's ongoing pattern of abusive conduct that they individually and collectively directed toward Plaintiff was and is knowing, intentional, malicious and deliberately indifferent. Therefore, Plaintiff is entitled to receive exemplary, punitive damages. In addition, punitive damages should be awarded in order to discourage the type of unlawful behavior exhibited by Defendant from occurring and/or continuing in our nation's system.

**THEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant HACA, et al be duly cited to appear and answer this Petition; and upon trial of this action, Plaintiff have judgment of this Court against all named defendants, jointly and severally, as follows:

a) Compensatory damages in the amount of $1,000,000;

b) Exemplary, punitive damages in the amount of at least $5,000,000;

c) Costs of this lawsuit, including attorney fees for both consultation and [when appropriate] representation, as proved at time of trial;

d) Pre-judgment and post-judgment interest on said amount;

e) Such other and proper relief, both general and special, at law and in equity, to which Plaintiff [Claimant] is entitled.

This Plaintiff's Original Petition is respectfully submitted on this the 2nd day of February 2009.

John M. Stevenson, Plaintiff
1941 Gaston Place # 107
Austin, Texas 78723
[512] 560-0233

STATE of TEXAS

COUNTY OF TRAVIS

Before me, Delores F. Harris, a notary public in and of the State of Texas did personally appear **John M. Stevenson,** Plaintiff herein, and did verify and certify that the facts and representations set forth in this Plaintiff's Original Petition are true and correct on this the 2ND day of February 2009.

Notary Public

My commission Expires: 12/06/2010

- 15 -